IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Nierre Gray-Gentry, | ) | Case No. 7:25-cv-07312-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| 7th Circuit Solicitor's Office, | ) | |
| Spartanburg County, State of South | ) | |
| Carolina, Tyler Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On October 29, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process.  ECF No. 22.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Report, a supplement, and a motion to expedite.[1] ECF Nos. 24, 26, 27.

---

[1] The objections and the supplement are identical.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal of Plaintiff's complaint because abstention is appropriate under *Younger*,[2] three of the Defendants are not persons amenable to suit pursuant to § 1983, and because Defendant Tyler Brown is

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

entitled to prosecutorial immunity.  Because Plaintiff filed objections, the Court's review has been de novo.

In his objections, Plaintiff objects to some of the procedural history of this action and asserts that the case manager and/or the Magistrate Judge are confused.  He clarifies that he is not requesting money damages and is only seeking to have his state prosecution terminated.  He further states that he is not requesting that the federal government interfere in state affairs.  He objects to the Magistrate Judge's application of *Younger*.  Plaintiff clarifies that he voluntarily dismissed all Defendants except Defendant Brown.  He argues that Defendant Brown is not entitled to prosecutorial immunity.

As Plaintiff has voluntarily dismissed the 7th Circuit Solicitor's Office, Spartanburg County, and the State of South Carolina, the Court finds that portion of the Report moot. Turning to the Magistrate Judge recommendation that abstention under *Younger* is appropriate, the Court agrees.  As explained in more detail by the Magistrate Judge, from *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, all three criteria are met.  As to the first criterion, Plaintiff is involved in ongoing state criminal proceedings.  As to the second and third criteria, the Supreme Court has stated that the "States' interest in administering their criminal justice systems

3

free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court has further found "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, Plaintiff has the opportunity to assert his claims in the Spartanburg County General Sessions Court. Accordingly, abstention is appropriate under *Younger*.

As Plaintiff has clarified that he is only seeking injunctive relief, the Court could end its analysis here. However, out of an abundance of caution, the Court further notes that Defendant Brown is entitled to prosecutorial immunity. As explained in more detail by the Magistrate Judge, prosecutors have absolute immunity from civil liability for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *Buckley v. Fitzsimmons*, 509 U.S. 259, 267–71 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Here, Plaintiff's claims against Defendant involve core activities relating to judicial proceedings and are, thus, barred by prosecutorial immunity.

## **CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts in part and finds as moot in part the recommendation of the Magistrate Judge. Defendants 7th Circuit Solicitor's Office, Spartanburg County, and the State of South Carolina have been voluntarily dismissed. The remainder of this action is

**DISMISSED** with prejudice, without issuance and service of process, and without further leave to amend.  Plaintiff's motion to expedite [27] is **DENIED**.

 IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 13, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.